NOT DESIGNATED FOR PUBLICATION

No. 119,097

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL C. SMITH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed October 19, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Michael C. Smith appeals the district court's decision revoking his probation and ordering him to serve a modified prison sentence. We granted Smith's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has requested that the district court's judgment be affirmed.

On August 23, 2016, Smith pled guilty to one count of possession of cocaine and one count of misdemeanor criminal damage to property. On October 20, 2016, the district court imposed a controlling sentence of 28 months' imprisonment but made border box findings and placed Smith on probation for 12 months.

1

At a hearing on October 3, 2017, the district court found that Smith violated the conditions of his probation by committing a new crime of aggravated escape from custody when he left without permission the residential facility where he had been placed as a condition of his probation. The district court revoked Smith's probation and ordered him to serve a modified sentence of 25 months' imprisonment. Smith timely appealed.

On appeal, Smith claims the district court "abused its discretion in ordering him to serve a modified sentence instead of reinstating probation." Smith points out that he was only three weeks from completing the residential program. He asserts that throughout his time in the program, he had maintained a job and made significant progress in his treatment. Smith argues that reinstating his probation would have promoted offender reformation and kept him out of an already overcrowded prison system.

The procedure for revoking a defendant's probation is governed by K.S.A. 2017 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court abuses its discretion by committing an error of law in the application of K.S.A. 2017 Supp. 22-3716 when revoking a defendant's probation. See *State v. Still*, No. 112,928, 2015 WL 4588297, at *1 (Kan. App. 2015) (unpublished opinion).

Here, the district court revoked Smith's probation after finding that he had committed a new crime while on probation. As a result, the district court did not have to impose an intermediate sanction in this instance. See K.S.A. 2017 Supp. 22-3716(c)(8)(A). Smith does not challenge this finding on appeal. The record also reflects

2

that this was Smith's second probation violation and he had previously received an intermediate sanction from the court. Finally, the district court showed some leniency by lowering Smith's prison sentence to 25 months. The district court's decision to revoke Smith's probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Smith has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve a modified prison sentence.

Affirmed.